IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:12-cr-00071 |
| v. | ) Senior Judge Haynes |
| | ) |
| KEVIN WAYNE NEWSON | ) |

ORDER

Before the Court is Defendant's motion to reduce sentence (Docket Entry No. 60), pursuant to Amendment 782 to the United States Sentencing Guidelines, from a term of 66 months custody to a term of 53 months custody that represents a concomitant reduction of 11 months from the low end of the new guideline range. Defendant asserts that Defendant has completed two courses in S&P stocks, participated in drug counseling and has worked in heating, ventilation and air conditioning. In response (Docket Entry No. 67), the Government states that it does not oppose a reduction of Defendant's sentence from 66 months to 63 months that represents the low-end of Defendant's adjusted guideline range, but contends that Defendant is not eligible for a sentence reduction below the amended guideline range.

On August 30, 2012, pursuant to the parties' plea agreement, Defendant pled guilty to possession with intent to distribute a quantity of crack cocaine. (Docket Entry Nos. 37, 57 and 58). At sentencing, the Court determined that Defendant's total offense level was twenty-one (21) and his criminal history category was VI. (Docket Entry No. 59 at 1). Defendant's guideline range was seventy-seven (77) to ninety-six (96) months. Id. Pursuant to the parties' plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the Court sentenced Defendant below his guideline range to sixty-six (66) months of imprisonment. (Docket Entry No. 58 at 2). The Court also sentenced Defendant to three (3) years of supervised release. Id. at 3.

A court may modify a defendant's term of imprisonment in which he is serving if a guideline range applicable to that defendant was subsequently lowered by an amendment to the sentencing guidelines. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1), (d) (2014). Amendment 782 retroactively lowered the base offense level for many drug offenses by revising the drug quantity tables set forth in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 782. After Amendment 782, Defendant's base offense level was reduced two points, resulting in a total criminal offense level of 19. (Docket Entry No. 62-1 at 2). With a total criminal offense level of 19 and a criminal history category of VI, the resulting guideline is sixty-three (63) to seventy-eight (78) months. Id.

The policy statement applicable to § 3582(c)(2) provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (2015). Further, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]." Id., § 1B1.10(b)(2)(A). Thus, § 1B1.10(b)(2) prohibits a court from reducing a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. United States v. Jackson, 751 F.3d 707, 711-12 (6th Cir. 2014). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute. Id. at 711 (citing Dillon v. United States, 560 U.S. 817 (2010)).

2

Yet, § 1B1.10(b)(2)(B) provides the following exception:

> Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1) ] may be appropriate.

Id., § 1B1.10(b)(2)(B) (2011). Thus, "a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government." United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012) (emphasis added); United States v. Jackson, 751 F.3d 707, 711 n.1 (6th Cir. 2014) (noting that § 1B1.10(b)(2)(B)'s exception did not apply where the defendant's sentence was not based upon substantial assistance); United States v. Nichols, 789 F.3d 795, 796 (7th Cir. 2015); United States v. Valdez, 492 Fed. Appx 895, 899 (10th Cir. 2012).

Defendant's original sentence of sixty-six (66) months of imprisonment was not based upon substantial assistance. Defendant's amended guideline range is sixty-three (63) to seventy-eight (78) months. Here, Defendant's sentence cannot be reduced below the amended guideline range under Amendment 782. Accordingly, Defendant's motion to reduce sentence (Docket Entry No. 60) is **GRANTED**, and Defendant's previously imposed sentence of imprisonment of 66 months is reduced to 63 months of imprisonment.

It is so **ORDERED**.

**ENTERED** this the 11th day of January, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge